Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Wendy F Royer** | |
| | First Name       Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name       Middle Name | Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** | |
| Case number: | **23-60719** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
All sections

Official Form 113
# Chapter 13 Plan                                                                                               12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee as follows:**

**$720.00** per **Month** for **6** months
**$1,360.00** per **Month** for **54** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Wendy F Royer** | Case number | **23-60719** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**Plus, funds received as of September 29, 2023 in the amount of $1,200.00, the plan payment start date is October 15, 2023.**

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>78,960.00</u>.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Citizens Bank** | **218 Jefferson Woods Dr Forest, VA 24551 Bedford County** | $846.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition: $1,734.80 | 0.00% | pro-rata | $1,734.80 |
| **First Tech Federal Credit Union** | **2014 Dodge Ram 176,000 miles** | $636.36<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition: $1.00 | 0.00% | pro-rata | $0.00 |
| **Specialized Loan Servicing LLC** | **218 Jefferson Woods Dr Forest, VA 24551 Bedford County** | $277.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition: $600.00 | 0.00% | pro-rata | $600.00 |

| Debtor | **Wendy F Royer** | Case number | **23-60719** |
|---|---|---|---|

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Bank N.A. | $3,869.70 | watch, earrings, and necklace | $2,072.37 | $0.00 | $2,072.37 | 8.25% | AP payment of $20.72 for 9 months and then the regular payments of $46.73 for 50 months to be paid by the chapter 13 Trustee | $2,522.98 |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a

| Debtor | **Wendy F Royer** | | Case number | **23-60719** |
|---|---|---|---|---|

proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly plan payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|
| **Bedford County Treasurer** | 2010 Subaru Legacy 130,000 miles | $504.30 | 8.25% | payments of $11.95 for 50 months to begin no later than 9 months from filing case<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $597.50 |
| **Discover Financial** | 218 Jefferson Woods Dr Forest, VA 24551 Bedford County | $21,774.62 | 6.00% | payments of $493.28 for 50 months to begin no later than 9 months from filing case<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $24,664.00 |
| **Portfolio Recovery Associates, LLC** | 218 Jefferson Woods Dr Forest, VA 24551 Bedford County | $8,900.52 | 6.00% | payments of $201.63 for 50 months to begin no later than 9 months from filing case<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $10,081.50 |
| **Truist/BB&T** | 218 Jefferson Woods Dr Forest, VA 24551 Bedford County | $10,701.83 | 6.00% | payments of $242.44 for 50 months to begin no later than 9 months from filing case<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $12,122.00 |

*Insert additional claims as needed.*

**3.4** **Lien avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor **Wendy F Royer**  Case number **23-60719**

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Evergreen Bank Group | 2004 Jayco Designer |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**7,896.00**.

**4.3 Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**7,609.11**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$1,410.00**

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ .
☑ **7** % of the total amount of these claims, an estimated payment of $ **9,398.00** .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **10,494.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Debtor | Wendy F Royer | | Case number | 23-60719 |
|---|---|---|---|---|

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| Bitty Advance 2, LLC | Joint debt- to be paid by the chapter 13 trustee | $1,863.00 | 0.00% | $1,863.00 |

*Insert additional claims as needed.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Hometown Storage | Month to month lease for storage unit which debtor assumes. Arrears for June and July. | $99.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $198.00 | pro-rata | $198.00 |
| Yesh Khanna / TY Investments | Rental lease for November 2021 to November 2025 for 12227 Moneta Rd, Moneta, VA 24121 which debtor assumes. | $0.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | pro-rata | $0.00 |

*Insert additional contracts or leases as needed.*

## Part 7:  Vesting of Property of the Estate

**7.1**  Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8:  Nonstandard Plan Provisions

**8.1**  Check "None" or List Nonstandard Plan Provisions
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

| Debtor | **Wendy F Royer** | Case number | **23-60719** |
|---|---|---|---|

**(a). Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

**Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of the this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.**

**Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.**

**(b). Attorneys Fees**

**Attorneys Fees noted in Part 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Part 3, 4, 5 and 6 herein, except adequate protection payments, ongoing mortgage payments or regular payments to be paid by the Trustee.Said fees shall be paid pro-ratawith any DSO arrears being paid through the plan.**

**(c). Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Part 3.1).**

| **Creditor** | **Month Debtor to resume regular direct payments** |
|---|---|
| **Citizens Bank** | August 2023 |
| **Specialized Loan Servicing LLC** | August 2023 |
| **Hometown Storage** | August 2023 |

 **########ATTENTION ALL SECURED CREDITORS LISTED IN PART 3.1  ######:**
**PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT.  ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PART 3.1 , SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE.  SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.**

 *************** ATTENTION, CREDITORS LISTED IN PART 3.5.***************
**THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.**

**Treatment and Payment of Claims.**
• **All creditors must timely file a proof of claim to receive payment from the Trustee.**
• **If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.**
• **If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.**
• **The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.**

**\*ATTN:STUDENT LOAN PROVIDERS/SERVICERS.Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans, servicers and guarantors (hereafter referred to as "Ed") The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations.The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education William D. Ford Federal Direct Loan Program, including but not limited to the Public Service Loan Forgiveness program, without disqualification due to her bankruptcy, if otherwise eligible under Federal Law.Any direct payments made from the Debtor to Ed since the filing of the petition shall be applied to any IDR plan in which the Debtor was enrolled pre-petition, including but not limited to the Public Service Loan Forgiveness program.Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan. During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency.These communications may expressly include telephone calls and e-mails.**

| Debtor | **Wendy F Royer** | Case number | **23-60719** |
|---|---|---|---|

## Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Wendy F Royer**
    **Wendy F Royer**
    Signature of Debtor 1

X   _____
    Signature of Debtor 2

Executed on   **September 29, 2023**

Executed on   _____

X   **/s/ Stephen E. Dunn**
    **Stephen E. Dunn 26355**
    Signature of Attorney for Debtor(s)

Date   **September 29, 2023**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Wendy F Royer** | Case number | **23-60719** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$2,334.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$2,522.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$47,464.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$16,915.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$9,398.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$1,863.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$198.00** |
| j. | **Nonstandard payments** *(Part 8, total)* + | **$0.00** |
| | **Total of lines a through j** | **$80,694.00** |

# United States Bankruptcy Court
## Western District of Virginia

In re: **Wendy F Royer**
Debtor(s)

Case No. **23-60719**
Chapter **13**

# VERIFICATION OF CREDITOR MATRIX - AMENDED

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: **September 29, 2023**

/s/ **Wendy F Royer**
**Wendy F Royer**
Signature of Debtor

AFNI
FOR USCELLULAR
PO BOX 3517
BLOOMINGTON, IL 61702

CASH FLOW MANAGEMENT
FOR CENTRA HEALTH
PO BOX 21803
ROANOKE, VA 24018

CENTRA OUTPATIENT REHAB SE
PO BOX 824923
PHILADELPHIA, PA 19182

AFNI, INC.
FOR US CELLULAR
PO BOX 3427
BLOOMINGTON, IL 61702

CCO MORTGAGE CORP.
ATTN: BANKRUPTCY
10561 TELEGRAPH RD
GLEN ALLEN, VA 23059

CENTRAL VA FAMILY PHYSICIAN
ATTN #13050C
PO BOX 14000
BELFAST, ME 04915

AMEX
CORRESPONDENCE/BANKRUPTCY
PO BOX 981540
EL PASO, TX 79998

CENTRA
417 BRIDGE STREET
DANVILLE, VA 24541-1403

CENTRAL VA FAMILY PHYSICIANN
ATTN: 13050C
PO BOX 14000
BELFAST, ME 04915

BANK OF AMERICA
ATTN: BANKRUPTCY
4909 SAVARESE CIRCLE
TAMPA, FL 33634

CENTRA
ATTN: BANKRUPTCY
PO BOX 825309
PHILADELPHIA, PA 19182-5309

CHASE CARD SERVICES
ATTN: BANKRUPTCY
P.O. 15298
WILMINGTON, DE 19850

BARCLAYS BANK DELAWARE
ATTN: BANKRUPTCY
PO BOX 8801
WILMINGTON, DE 19899

CENTRA HEALTH
PO BOX 829851
PHILADELPHIA, PA 19182-9851

CHASE CARD SERVICES
ATTN: BANKRUPTCY
PO BOX 6294
CAROL STREAM, IL 60197-6294

BEDFORD COUNTY TREASURER
KIM SNOW, TREASURER
122 EAST MAIN STREET
BEDFORD, VA 24523

CENTRA HEALTH
PO BOX 829833
PHILADELPHIA, PA 19182-9833

CHRISTOPHER NEWTON
218 JEFFERSON WOODS DRIVE
FOREST, VA 24551

BITTY ADVANCE 2, LLC
REGISTERED AGENTS INC.
4445 CORPORATION LN STE 264
VIRGINIA BEACH, VA 23462-3262

CENTRA HEALTH INC
PRESIDENT, ANDREW MUELLER, MD
1920 ATHERHOLT RD
LYNCHBURG, VA 24501

CITI/L.L. BEAN
PO BOX 6497
SIOUX FALLS, SD 57117

BITTY ADVANCE 2, LLC
ATTN: BANKRUPTCY
1855 GRIFFIN RD STE A474
DANIA, FL 33004-2241

CENTRA HEALTH, INC.
HOLLY B. TRENT, REGISTERED AGENT
1901 TATE SPRINGS ROAD
LYNCHBURG, VA 24501

CITIZENS BANK
CEO, BRUCE VAN SAUN
1 CITIZENS PLAZA
PROVIDENCE, RI 02903

CAPITAL ONE / GM FLEXIBLE EARNING
PO BOX 71087
CHARLOTTE, NC 28272-1087

CENTRA LYNCHB HEMATOLOGY & ONCOLOGY
PO BOX 829829
PHILADELPHIA, PA 19182-9829

CITIZENS FINANCIAL GROUP, INC
REG AGT: JAMES H HUDSON, III
826 MAIN ST
WEST POINT, VA 23181

CARDMEMBER SERVICE
PO BOX 15548
WILMINGTON, DE 19886-5548

CENTRA MEDICAL GROUP
2010 ATHERHOLT RD
LYNCHBURG, VA 24501

CITIZENS FINANCIAL GROUP, INC
THOMAS F. CHERRY, PRESIDENT
18 WHITTAKERS MILL ROAD
WILLIAMSBURG, VA 23185

```
CLIENT SERVICES INC                 EVERGREEN BANK                      GOLDMAN SACHS BANK USA
FOR SYNCHRONY BANK LOWES            3842 95TH ST W                      ATTN: BANKRUPTCY
3451 HARRY S. TRUMAN BLVD           EVERGREEN PARK, IL 60805            PO BOX 70321
SAINT CHARLES, MO 63301-4047                                            PHILADELPHIA, PA 19176


CLIENT SERVICES INC                 EVERGREEN BANK GROUP                HOMETOWN STORAGE
FOR SYNCHRONY BANK CARE CREDIT      DARIN CAMPBELL, PRESIDENT/CEO       21330 TIMBERLAKE RD
3451 HARRY S. TRUMAN BLVD           3842 95TH ST W                      LYNCHBURG, VA 24502
SAINT CHARLES, MO 63301-4047        EVERGREEN PARK, IL 60805


CMG PLASTIC SURGERY                 FBCS INC                            INTERNAL REVENUE SERVICE
1330 OAK LN STE 100                 FOR TRUIST                          PO BOX 7346
LYNCHBURG, VA 24503                 330 S. WARMINSTER RD, STE 353       PHILADELPHIA, PA 19101-7346
                                    HATBORO, PA 19040


COMENITY BANK/MAURICES              FIGURE LENDING LLC                  IRHYTHM TECHNOLOGIES, INC. ZI
ATTN: BANKRUPTCY                    REG AGT CORPORATION SERVICE COMPANY PARTY CH 19717
PO BOX 182125                       100 SHOCKOE SLIP, 2ND FLOOR         PALATINE, IL 60055-9717
COLUMBUS, OH 43218                  RICHMOND, VA 23219


COMENITY BANK/PIER 1                FINANCIAL DATA SYSTEMS              LVNV FOR BELK
ATTN: BANKRUPTCY                    FOR CENTRAL VIRGINIA IMAGING        PO BOX 10587
PO BOX 182125                       PO BOX 688                          GREENVILLE, SC 29603
COLUMBUS, OH 43218                  WRIGHTSVILLE BEACH, NC 28480


CREDIT CONTROL LLC                  FIRST TECH FCU                      LVNV FUNDING
FOR JP MORGAN CHASE BANK NA         ATTN: BANKRUPTCY                    C/O RESURGENT CAPITAL SERVI
5757 PHANTOM DR, STE 330            PO BOX 2100                         PO BOX 10587
HAZELWOOD, MO 63042                 BEAVERTON, OR 97075                 GREENVILLE, SC 29603


CREDIT CONTROL, LLC                 FIRST TECH FEDERAL CREDIT UNION     MIDLAND CREDIT MANAGEMENT
FOR JPMORGAN CHASE BANK, N.A.       GREG MITCHELL, CEO                  FOR COMENITY BANK
3300 RIDER TRAIL S, SUITE 500       2702 ORCHARD PKWY                   350 CAMINO DE LA REINA, STE 1
EARTH CITY, MO 63045                SAN JOSE, CA 95134                  SAN DIEGO, CA 92108


CVFP MEDICAL GROUP                  FIRSTSOURCE ADVANTAGE, LLC          MIDLAND FUNDING/MIDLAND CRE
ATTN: FELICIA TEMPLETON             FOR SYNCHRONY BANK                  FOR COMENITY BANK / PIER 1 IM
1111 CORPORATE PARK DRIVE, STE D    205 BRYANT WOODS SOUTH              PO BOX 939069
FOREST, VA 24551                    BUFFALO, NY 14228                   SAN DIEGO, CA 92193


DISCOVER BANK                       GENERAL MOTORS LLC                  NATIONWIDE CREDIT, INC.
4601 SIX FORKS ROAD, SUITE 400      REG AGT: CORPORATION SERVICE CO     FOR JP MORGAN CHASE BANK N
RALEIGH, NC 27609                   100 SHOCKOE SLIP FL 2               PO BOX 15130
                                    RICHMOND, VA 23219-4100             WILMINGTON, DE 19850-5130


DISCOVER FINANCIAL                  GLASSER & GLASSER, PLC              PORTFOLIO RECOVERY ASSOCIA
ATTN: BANKRUPTCY                    FOR TRUIST                          CORPORATION SERVICE COMPAN
PO BOX 3025                         580 EAST MAIN STREET, SUITE 600     100 SHOCKOE SLIP FL 2
NEW ALBANY, OH 43054                NORFOLK, VA 23510                   RICHMOND, VA 23219-4100
```

| | | |
|---|---|---|
| PRIVIA MEDICAL GROUP, LLC<br>PO BOX 13050<br>BELFAST, ME 04915-8428 | SPECIALIZED LOAN SERVICING LLC<br>CEO, TOM MILLON<br>6200 S. QUEBEC ST<br>GREENWOOD VILLAGE, CO 80111-4720 | WELLS FARGO BANK, NA<br>REG AGT CORPORATION SERVIC<br>100 SHOCKOE SLIP, FLR 2<br>RICHMOND, VA 23219 |
| RADIOLOGY CONSULTANTS<br>113 NATIONWIDE DR<br>LYNCHBURG, VA 24502 | SPECIALIZED LOAN SERVICING LLC<br>ATTN: BANKRUPTCY<br>P.O. BOX 630147<br>LITTLETON, CO 80163 | WF/AME GEM<br>PO BOX 14517<br>DES MOINES, IA 50306 |
| RADIOLOGY CONSULTANTS LYNCHBURG<br>PO BOX 580085<br>CHARLOTTE, NC 28258 | SPECIALIZED LOAN SERVICING LLC<br>REG AGT: UNITED AGENT GROUP, INC.<br>425 W. WASHINGTON STREET, STE 4<br>SUFFOLK, VA 23434-5320 | YESH KHANNA / TY INVESTMEN<br>15115 FOREST RD<br>FOREST, VA 24551 |
| REHAB ASSOCIATES OF CENTRAL VA<br>20347 TIMBERLAKE RD, STE B<br>LYNCHBURG, VA 24502 | SYNCHRONY BANK/CARE CREDIT<br>ATTN: BANKRUPTCY DEPT<br>PO BOX 965064<br>ORLANDO, FL 32896 | |
| RESURGENT CAPITAL SERVICES/LVNV<br>FUNDING FOR CITIBANK N.A. /BEST BUY<br>PO BOX 10497<br>GREENVILLE, SC 29603 | SYNCHRONY BANK/LOWES<br>ATTN: BANKRUPTCY<br>PO BOX 965060<br>ORLANDO, FL 32896 | |
| SCA CREDIT SERVICES, INC.<br>1502 WILLIAMSON ROAD NE<br>ROANOKE, VA 24012 | TENAGLIA & HUNT<br>FOR BANK OF AMERICA<br>9211 CORPORATE BLVD., SUITE 130<br>ROCKVILLE, MD 20850 | |
| SCOTT & ASSOCIATES, P.C.<br>FOR LVNV FUNDING LLC<br>5029 CORPORATE WOODS DR., STE 210<br>VIRGINIA BEACH, VA 23466 | TRANSWORLD SYSTEMS INC.<br>FOR CENTRAL VA FAMILY PHYSICIANS<br>500 VIRGINIA DRIVE, SUITE 514<br>FORT WASHINGTON, PA 19034 | |
| SCOTT & ASSOCIATES, P.C.<br>FOR LVNV / CITIBANK<br>PO BOX 115220<br>CARROLLTON, TX 75011-5220 | TRUIST/BB&T<br>ATTN: BANKRUPTCY<br>214 N TRYON ST<br>CHARLOTTE, NC 28202 | |
| SID KIERSTEIN<br>1319 ENTERPRISE DRIVE<br>SUITE C<br>LYNCHBURG, VA 24502 | VIRGINIA DEPARTMENT OF TAXATION<br>PO BOX 2156<br>RICHMOND, VA 23218 | |
| SMITH DEBNAM<br>FOR DISCOVER FINANCIAL<br>PO BOX 176010<br>RALEIGH, NC 27619 | WELLS FARGO BANK N.A.<br>PO BOX 10438<br>DES MOINES, IA 50306 | |

# United States Bankruptcy Court
## Western District of Virginia

In re  **Wendy F Royer**　　　　　　　　　　　　　　　　Case No.  **23-60719**
　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　Chapter  **13**

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☐ confirmed or ☑ unconfirmed plan dated **7/20/2023**.

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Thursday, November 16, 2023, at 9:30 am or as soon thereafter as the parties may be heard by Video Conferencing URL:https://vawb-uscourts-gov.zoomgov.com/j/1603692643; Id: 160 369 2643.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| All sections | | All creditors | |

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Stephen E. Dunn**
　　　　　　　　　　　　　　　　　　　　　　　　**Stephen E. Dunn 26355**
　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Debtor(s)

*Counsel for the debtor shall file a separate certification of mailing and/or service of the amended chapter 13 plan and this cover sheet, unless the Court orders otherwise.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

In re:   **Wendy F Royer**                                    Chapter 13

                                              Case No.   **23-60719**
   **Debtor(s).**

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **9/29/2023**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **9/29/2023**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| Name | Address | Method of Service |
|---|---|---|
| Wells Fargo Bank National | Wells Fargo Bank National<br>RA- Corporation Svc Co<br>100 Shockoe Slip, Flr 2<br>Richmond VA 23219-4100 | Certified Mail |

                                              /s/ Stephen E. Dunn
                                              **Stephen E. Dunn 26355**
                                              Counsel for Debtor(s)